HORACE MaynaRD, Special J.,
delivered the opinion of the Court.
Defendant, Britton, as a constable of Greene County, seized and sold certain personal property, upon an execution against the father of plaintiff, disregarding an alleged conveyance to her from her father, on the ground that, as to his creditors, the conveyance was fraudulent and void. On the trial, he produced and relied upon a Statute, passed on the 3d of February, 1858, as the legal authority for his acting as Constable. It is as follows: “Be it enacted, That An Act, passed on the 22d day of February, 1856, incorporating the town of Rheatown, Greene County, be so amended as to authorize and empower the citizens of said town to elect one Justice of the Peace and one Constable, both of whom shall reside within the limits of said town; the election to be held under the same rules and regulations as other Magistrates and Constables are now elected in said county; and such Magistrate and Constable, when elected and commissioned, shall have and exercise all the powers and privileges of other Magistrates and Constables in said county of Greene.” The Court held that this Act was not valid, and conferred on the defendant <(no authority to make a levy beyond the limits of Rheatown.” This ruling left the defendant in the attitude of a naked trespasser, and without defense.
*17 The Constitution of the State provides, that “the different counties of this State shall be laid off, as the General Assembly may direct, into districts of convenient size, so that the whole number in each county shall not be more than twenty-five, or four for every one hundred square miles. There shall be two Justices of the Peace and one Constable elected in each district, by the qualified voters therein, except districts including county towns, which shall elect three justices and two constables. The jurisdiction of said officers shall be co-extensive with the county.” It is maintained that this provision of the Constitution, is mandatory to the Legislature, and not enjoining a duty, restrictive in its character^ and not limiting the power — the object being to secure to every neighborhood, a domestic tribunal of justice; and to be understood as reading: “There shall be at least two Justices of the Peace and one Constable elected,” etc. This view is plausible, and we are not prepared to say it is incorrect. Such we find to have been the opinion of several different Legislatures, as appears from various Acts, conferring upon different municipal corporations, privileges of the same character, and often identical with those conferred by the Statute under consideration, upon the citizens of Rheatown. Nothing but a ■ profound conviction would constrain us to pronounce null, all such legislation, and the acts done in pursuance thereof, had we the power.
It is but repeating the language of the Court, to hold, that there are many provisions of the Constitution, directory, mandatory and prohibitory, to the Legislature, against the violation of which, there is, and can be, no legal protection. Such are the clauses requiring *18 the performance of duties imposed upon the Legislature itself, and the restriction in the performance of these duties. In all these and the like cases,' the only - security is to be found in the obligation of the members to support the Constitution, and in the ballot-box. A court of justice cannot compel action; it cannot prohibit action; it cannot undo .action. Should the Legislature,' for instance, establish a new county, in violation of the constitutional provisions upon that subject, organize courts, and all the machinery for the administration of its local affairs, and provide for the appointment of justices, sheriff, constables, and other county officers, the courts, both of equity and law, are powerless to interfere. Or, should the Legislature, in violation of the clause in the Constitution, just quoted, lay off a' given county into more than twenty-five civil districts, or into districts containing less than twenty-five square miles, could the courts declare the acts of the supernumerary officials, thus created, to be illegal? Certainly not. Such action of the Legislature would belong to the political, and not to the judicial power of the government. So, likewise, the Act now before us. The holding of the Circuit Court, therefore, was erroneous.
The judgment will be reversed, and the cause remanded for a new trial.